UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FILED

2019 SEP 10 A 11: 16

U.S. DISTRICT COURT
EASTERN DIST. TENN

Shirley Catalfu,

   Plaintiff,

– against–

Synovus Bank and Equifax Information Services, LLC,

   Defendant(s).

Civil Action No. 3:19-CV-354

COMPLAINT

## COMPLAINT

Plaintiff, Shirley Catalfu (hereinafter "Plaintiff"), by and through her attorneys, The Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Synovus Bank ("Synovus") and Equifax Information Services, LLC ("Equifax") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

### PARTIES

1

2. Plaintiff, Shirley Catalfu, is an adult citizen of Tennessee.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synovus is a business registered and existing under the laws of Tennessee that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Equifax is a limited liability company organized and existing under the laws of Tennessee that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because plaintiff's primary residence is within the state of Tennessee.

## FACTUAL ALLEGATIONS

8. Washington Mutual Bank issued an account ending in 1004 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report by Synovus.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity,

2

character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about September 14, 2017, Plaintiff and American Coradius International LLC, on behalf of Synovus entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $672.67 to settle and close her Synovus credit account.

12. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments. Redacted proofs of these payments are attached hereto as <u>Exhibit B</u>.

13. However, over a year later, Plaintiff's Synovus account continued to be negatively reported.

14. In particular, on a requested credit report dated July 8, 2019, Plaintiff's Synovus account was reported with a status of "CHARGE OFF", a balance of $1,494.00, and a past due balance of $581.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit C</u>.

15. This trade line was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about July 8, 2019, Plaintiff, via her attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Synovus account. A redacted copy of this letter and the certified mail receipts are attached hereto as <u>Exhibit D</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synovus to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In August 2019, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Synovus account remained inaccurate, as Defendant failed to correct the inaccuracy. The relevant portion of the August 2019 credit report is attached hereto as <u>Exhibit E</u>.

19. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful,

reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

24. Plaintiff notified Defendant directly of a dispute on the account's completeness and/or accuracy, as reported.

25. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

26. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

27. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

28. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**The Law Offices of Robert S. Gitmeid & Associates, PLLC**

/s/ Philip Swan
Philip Swan, Esq. (Bar No. 036221)
11 Broadway, Suite 930
New York, NY 10004
Philip.S@gitmeidlaw.com
*Counsel for Plaintiff*